IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNY GRAYSON,

    Petitioner,

v.                                      Civil Action No. 5:09CV53
                                          (Criminal Action No. 5:08CR46)
UNITED STATES OF AMERICA,                            (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORTS AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The petitioner, Johnny Grayson, appearing pro se,[1] filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The Court referred this case to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). In his petition, the petitioner asserts that the sentence he received was improperly calculated because he was not given credit for time served since his initial appearance and his medical condition was not considered. He also believes that the plea agreement contained mistakes. The petitioner states that the presentence report revealed that there were two charges in the plea, but that the plea

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

agreement only listed one and that the stipulated drug amount in the plea agreement was inaccurate, because the amount charged was different than what was agreed upon. Finally, the petitioner contends that his counsel was ineffective for not explaining the plea agreement to him, not coming to the jail and speaking to him in person, and not advising him of the right to appeal. The government filed a response.

The magistrate judge entered a report and recommendation recommending that the petitioner's petition be denied and that it be dismissed with prejudice. The magistrate judge recommended that the petitioner's § 2255 petition be denied as to the alleged improper calculation, alleged mistakes in the plea agreement, and ineffective assistance of counsel for allegedly not explaining the plea agreement and allegedly not coming to the jail and speaking with the petitioner in person because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence. As to the ineffective assistance of counsel claim for allegedly not advising the petitioner of the right to appeal, the magistrate judge found that claim to be merely a bare allegation, completely unsupported by any facts. In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within fourteen days after

being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections.

## II. Facts

On July 16, 2008, the petitioner entered into a plea agreement by which he agreed to plead guilty to violating of Title 18, United States Code, Section 1952(a)(3) and (2), aiding and abetting and causing the interstate travel by a person from Weirton, West Virginia to Steubenville, Ohio, with the intent to promote a heroin-trafficking activity. The parties stipulated in the plea agreement that the total drug relevant conduct in this matter was at least 400 grams of heroin, but less than 700 grams of heroin. The petitioner agreed to forfeit any interest he might have in certain vehicles, currency, firearms, and ammunition. As part of the plea agreement, the petitioner waived his right to appeal and his right to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver of appellate rights and post-conviction relief rights:

> 11. Mr. Grayson is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence 60 months or less (or the manner in which that sentence was determined) including any enhancements under section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge any sentence 60 months or less or the manner in which it was determined in any

3

collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States of America waives the right to appeal. Both parties have the right during any appeal to argue in support of the sentence.

On July 22, 2008, the petitioner entered his plea in open court. At the time of his plea, the petitioner was twenty-seven years old and had an eleventh grade education. The petitioner stated that he understood and agreed with all the terms and conditions of the plea agreement. The Court specifically asked the petitioner whether the petitioner understood the waiver of appellate and post-conviction relief rights to which the petitioner responded that he did. The Court then reviewed all of the rights the petitioner was giving up by pleading guilty.

The petitioner advised the Court that his attorney had adequately represented him, and that his attorney had left nothing undone. The petitioner testified that he was in fact guilty of the crime to which he was pleading guilty.

At the conclusion of the hearing, the Court determined that the petitioner had made the plea freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime under Rule 11 had been established. The petitioner did not object to the Court's findings.

On October 15, 2008, the petitioner appeared before the Court for sentencing. After considering several factors, the circumstances of both the crime and the defendant, and the

4

sentencing objectives of punishment, the Court imposed a sentence of forty-six months of imprisonment.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file any objections, this Court reviews the report and recommendation for clear error.

## IV. Discussion

The petitioner's first two grounds for vacating his sentence involve an alleged improper calculation and that his plea agreement allegedly contained mistakes. These claims are without merit because he knowingly, voluntarily, and intelligently entered into a plea agreement in which he affirmatively waived both his right to appeal and his right to raise collateral challenges.

A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Such a waiver is also valid where collateral

5

attacks are based upon claims of ineffective assistance of counsel which do not implicate the validity of the plea or the validity of the § 2255 waiver, or which do not relate directly to the plea agreement or the waiver. See Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. United States v. Blick, 408 F.3d 162 (4th Cir. 2005). A waiver of collateral-attack rights, however, does not apply to claims of ineffective assistance of counsel where the facts giving rise to the claim occurred after the defendant has entered a guilty plea. Lemaster, 403 F.3d at 732.

Thus, in evaluating the validity of the petitioner's collateral challenge to his sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally challenge his sentence, and, insofar as the petitioner's collateral attack is based upon ineffective assistance of counsel, whether the claims of ineffective assistance of counsel call into question the validity of the plea, the validity of the § 2255 waiver itself, or relate directly to the plea agreement or the waiver, and -- if they do not -- whether the events giving rise to the claim occurred before, during, or after the petitioner entered his guilty plea.

This Court finds that the petitioner entered into a valid collateral-attacks waiver. Based upon the waiver provision itself, the plea agreement as a whole, and the plea colloquy, this Court finds that the petitioner knowingly, intelligently, and voluntarily waived his right to seek post-conviction relief for all of the claims he has raised in his § 2255 petition, except for his claim of ineffective assistance of counsel on the ground that his counsel failed to advise him of the right to appeal.

Failure by a criminal defense attorney to file a notice of appeal when a client has requested such action results in a deprivation of the defendant's Sixth Amendment right to the assistance of counsel irrespective of the likelihood of success on appeal. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this case, the petitioner states that his attorney did not advise him of the right to appeal. The petitioner provides no evidence the he ever instructed or requested that his attorney file an appeal on his behalf, that his counsel refused to do so, or that his counsel promised to file an appeal, but did not follow through. Accordingly, having reviewed the magistrate judge's report and recommendation for clear error and finding none, this Court agrees with the magistrate judge that the petitioner's claim of

ineffective assistance of counsel for failing to advise him of a right to appeal is merely a bare allegation. The petitioner has not shown that his attorney made any error. He has also failed to show that he was prejudiced in any way by an alleged failure of his counsel. The petitioner's claim must be denied as conclusory and lacking any factual support.

## V. Conclusion

Because neither party has objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

8

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 8, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE